UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:21-MC-00001

IN RE: HONORABLE KENNETH D. BELL, PRESIDING JUDGE REFERRALS AND DESIGNATION OF DUTIES TO MAGISTRATE JUDGES IN THE WESTERN DISTRICT OF NORTH CAROLINA.

**THIS MATTER** is before the Court on its own motion regarding the referral of motions and the designation to perform certain duties to United States Magistrate Judges serving in the Western District of North Carolina, either by commission or designation, in accordance with 28 U.S.C § 636.

## I. CRIMINAL CASES

**REGARDING CRIMINAL CASES, IT IS ORDERED THAT** pursuant to 28 U.S.C § 636 (a) and (b), and Local Criminal Rule 59.1, Magistrate Judges shall be referred and are hereby designated to perform the following duties:

(1) To accept guilty pleas or conduct trials on misdemeanor and petty offenses for which the maximum term of imprisonment is one year or less, if the defendant has consented to proceed before a Magistrate Judge and if such consent is necessary under 28 U.S.C. § 636 or 18 U.S.C. § 3401.

(2) To accept tendered guilty pleas on felony offenses subject to acceptance by the District Judge. On a case-by-case basis, and for the convenience of the parties, the undersigned may accept guilty pleas at other times, including regularly scheduled terms of court.

The Magistrate Judge may make the 18, United States Code, Section

3143, determination of release or detention after acceptance of the plea, including whether exceptional circumstances exist under Section 3145(c). The Magistrate Judge may further review that determination up to the day of sentencing upon the filing of any motion for reconsideration.

Any appeal or motion to review a Magistrate Judge's bond determination or conditions shall be directed to the District Judge. However, a Magistrate Judge may also review his or her own bond determination at any time either *sua sponte* or upon motion for reconsideration by either party.

(3) To conduct hearings pursuant to 18 U.S.C. § 3142, and 28 U.S.C. § 636(a)(2); provided that upon notice that a party intends to file a motion for revocation of a release order or amendment of the conditions of release, pursuant to 18 U.S.C. § 3145, any release order shall be stayed pending disposition by the District Judge.

(4) To enter a final order on any other non-dispositive criminal pretrial motions, subject only to review by the District Judge for clear error (if properly appealed);

(5) To make findings of fact, conclusions of law, and to recommend disposition of any dispositive criminal motion, excluding motions to suppress evidence, through submission of a Memorandum and Recommendation to the District Judge. All motions to suppress shall be directed to the District Judge; and

(6) To perform all other duties as authorized in Local Criminal Rule 59.1 that are not contrary to the specific duties as set forth within this order.

**IT IS FURTHER ORDERED THAT**:

(1) Beginning two (2) weeks prior to calendar call for any trial term (or

peremptory setting), all trial-related motions such as motions *in limine*, motions for issuance of subpoenas pursuant to Rule 17(b), Federal Rules of Criminal Procedure, etc., shall be directed to the District Judge for disposition;

(2) With the exception of the Magistrate Judge's authority to grant a first presumptive continuance following arraignment, motions to continue cases from the trial calendar shall be directed to the District Judge.

## II. CIVIL AND MISCELLANEOUS CASES

**REGARDING CIVIL AND MISCELLANEOUS CASES, IT IS ORDERED THAT** pursuant to 28 U.S.C § 636(b) and Local Civil Rule 72.1, in civil and miscellaneous cases, Magistrate Judges shall be specifically referred and are hereby designated to perform the following duties:

(1) To preside over pretrial conferences and issue pretrial Scheduling Orders (and amendments to those orders) based on such conferences or the Certificate of Initial Attorneys Conference and proposed discovery plan filed by the parties pursuant to Local Civil Rule 16.1(b). Except as otherwise provided in this Order, it is the Court's intent that the Magistrate Judge will direct and manage pretrial activity and enforce the Scheduling Order and applicable rules to the full extent set forth in Local Civil Rule 16.1;

(2) To hear and determine civil pretrial motions pertaining to discovery (see generally Rules 26-37 and 45 of the Federal Rules of Civil Procedure), including but not limited to, any motion for sanctions under Rule 37(b), motions to compel, motions for protective orders and motions to quash, all subject to review by the District Judge for clear error (if properly appealed).

(3) To hear and determine certain other non-dispositive civil motions,

including motions for *pro hac vice* or special admission of counsel, motions for withdrawal of counsel, motions to transfer to another division or district; Rule 4 motions to enlarge time for service; Rule 6 motions for extension of time and to reopen time; Rule 12 motions to strike less than a claim; Rule 14 motions to sever or try separately; Rule 15 motions to amend and supplement; motions to stay litigation (except motions to stay related to arbitration); motions pursuant to Rules 18, 19, and 20 concerning joinder of claims and parties (not including Rule 19 motions to dismiss based on the failure to join a party); Rule 21 motions concerning misjoinder; Rule 17 and 25 motions concerning substitution of a real party in interest; requests for international judicial assistance under 28 U.S.C. § 1782(a) and all non-dispositive motions in Social Security cases. Where a non-dispositive motion is pled in the alternative to a dispositive motion, the motion shall not be automatically referred.

(4) To make findings of fact, conclusions of law, and to recommend disposition of any motions filed for sanctions (except as ordered above); motions to remand; motions to compel arbitration (and related motions to stay); Rule 12(b) motions (including motions to dismiss for lack of jurisdiction over the subject matter or over the person, improper venue, insufficiency of process or service of process and failure to state a claim upon which relief can be granted); Rule 12(c) motions (for judgment on the pleadings) and motions under Rule 19 for dismissal based on the failure to join a party.

(5) To make findings of fact, conclusions of law, and to recommend disposition of any dispositive motion filed in a referred Social Security Appeal.

(6) Dispositive motions other than those listed in this Order shall not be automatically referred to a Magistrate Judge. However, other dispositive motions may be

referred to a Magistrate Judge for entry of a Memorandum and Recommendation on a case-by-case basis. A Magistrate Judge is authorized to remove the referral of any non-listed motion the Magistrate Judge determines is or has become dispositive by notifying a Deputy Clerk and the undersigned.

(7) To hear bankruptcy appeals and make recommendations, if referred by the District Judge on a case-by-case basis;

(8) To enter orders involving post-judgment execution proceedings; and

(9) To perform all other duties as authorized in Local Civil Rule 72.1 which are not contrary to the specific duties as set forth within this Order.

### III. GENERAL PROVISIONS

**IT IS FURTHER ORDERED:**

(1) That in all cases the undersigned retains the option, in consultation with the referral Magistrate Judge, to refer or un-refer any motion or matter to the Magistrate Judge for purposes of conducting a hearing and/or for entry or an appropriate order or Memorandum and Recommendation on a case-by-case basis. The referral of a specific motion or matter not contemplated by this Order or in a manner not consistent with this Order will be communicated to the Clerk of Court and the parties by a separate Order of Reference, therein authorizing the Magistrate Judge to take appropriate action;

(2) In cases where the parties have stipulated to the jurisdiction of the Magistrate Judge to hear the entire case, then the Magistrate Judge shall be referred the entire matter pursuant to 28 U.S.C. §636 and any appeal therefrom shall be to the Circuit Court, and the undersigned shall have no further involvement therein; and

(3) Motions referred or cases assigned prior to the effective date of this Order

may proceed under the previous Order of Reference under which they were previously referred or assigned.

Signed: October 14, 2021

Kenneth D. Bell
United States District Judge